IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc W. Kane,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>    Defendant. | No. CV-13-02357-TUC-JGZ (LAB)<br><br>**ORDER** |

  Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman recommending that this matter be remanded to the Social Security Commission for further proceedings. (Doc. 20.) In her Report, the Magistrate Judge found that the Administrative Law Judge ("ALJ") improperly resolved this case by applying the Social Security Grids at Step 5 of the disability analysis rather than consulting a vocational expert where Plaintiff is limited to less than a full range of light work. (Doc. 20, p. 10.) On October 30, 2014, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, objected to the Report asserting that the Magistrate Judge incorrectly interpreted the ALJ's findings as to Plaintiff's exertional limitations. (Doc. 21.) Plaintiff filed his Reply on November 17, 2014. (Doc. 22.)

  Upon *de novo* review, the Court concurs with Magistrate Judge Bowman's plain reading of the ALJ's findings regarding exertional limitations. Moreover, as thoroughly explained by the Magistrate Judge, even if the Court were to adopt the Commissioner's urged interpretation, Plaintiff's exertional capabilities still would not allow him to "perform substantially all (nearly all) of the primary strength activities" required for light work. *See* SSR 83-10, 1983 WL 31251, at * 5 (defining "the full range of light work [as]

require[ing] standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). In other words, whether the ALJ's finding is interpreted as a total standing and walking limitation of three hours out of an eight-hour workday or as a three-hour walking limitation *plus* a three-hour standing limitation, Plaintiff is still limited to less than a full range of light work because, at best, he can only perform light work jobs where standing and walking occur in near equal amounts. (Doc. 20, p. 11.) Because Plaintiff is limited to less than a full range of light work, the ALJ's failure to consult a vocational expert constituted legal error. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (noting that "[t]he grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids" and that a vocational expert should be consulted where limitations "significantly limit the range of work" a person can perform) (citation omitted). As the Commissioner's objection does not undermine the analysis and proper conclusion reached by Magistrate Judge Bowman, the Commissioner's objection is rejected, and the Report and Recommendation is adopted.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision in this matter is **REMANDED** for further proceedings consistent with this Order and the Report and Recommendation adopted herein. The Clerk of Court is instructed to enter judgment accordingly and close this case.

Dated this 11th day of March, 2015.

_____
Jennifer G. Zipps
United States District Judge